# IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| **SIMCOX ASSOCIATES, INC.** : | CASE NO. 2:22cv-3022 |
| **880 MENDES COURT** : | |
| **COLUMBUS, OH 43235** : | |
| : | JUDGE _____ |
| : | |
| **PLAINTIFF,** : | MAGISTRATE JUDGE_____ |
| : | |
| **v.** : | |
| : | JURY DEMAND ENDORSED |
| : | HEREIN |
| **JUDD WIRE, INC.** : | |
| **124 TURNPIKE RD** : | |
| **TURNERS FALLS, MA 01376** : | |
| : | |
| : | |
| **DEFENDANT.** : | |

## COMPLAINT

Now comes Plaintiff, Simcox Associates, Inc. (hereinafter referred to as "SAI") and proffers this Complaint for damages against the Defendant, Judd Wire, Inc. (hereinafter referred to as "Defendant").

## PARTIES

1. SAI is an Ohio Corporation that is headquartered in Columbus, Ohio and engages in the business of providing sales representation to manufacturers and producers of goods and products utilized in the automotive industry.

2. Defendant is a Massachusetts corporation with its headquarters located in Turners Falls, Massachusetts and engages in the business of manufacturing, producing, importing or

      distributing one or more products for sale to customers who purchase products for resale or for consumption or utilization in the manufacturing process for various industries including the automotive sector.

3. At all relevant times to this dispute SAI has functioned as a sales representative as that term is defined in Ohio Revised Code Section 1335.11(A)(3).

4. At all relevant times to this dispute Defendant has functioned as a Principal as that term is defined under Ohio Revised Code Section 1335.11(A)(2).

## JURISDICTION AND VENUE

5. This court maintains jurisdiction over this action because of the diversity of the parties as set forth under 28 US Code Section 1332. Also, the matter in controversy involves claims for unpaid commissions owed to SAI that exceed the sum or value of $75,000.

6. The court's jurisdiction is also predicated upon 28 U.S.C. Section 1367, as the complaint raises claims pursuant to the laws of Ohio (ORC 1335.11), over which this court maintains supplemental subject matter jurisdiction.

7. Venue is proper in this court under 28 U.S.C. Section 1391 because SAI operated as a sales representative for Defendant with its office located in the Southern District of Ohio.

## FACTUAL BACKGROUND

8. Defendant is involved in the business of manufacturing various forms of wire for use by customers in the production of automobiles and other equipment.

9. For over 35 years Defendant has used SAI as their exclusive sales representative in the Ohio and Michigan region.

10. In January of 1998 the parties signed a new agreement that set forth the terms of their arrangement and the rights and obligations of each parties. The agreement also included terms that set forth when commissions were earned and when they were payable to SAI. See Exhibit A attached hereto.

11. Periodically, modifications were made to the agreement in writing that covered additional products and services and the terms for payment of commissions to SAI for those additional products and services.  One of those modifications covered additional services to be provided by SAI for the sale of wire to tier 1 suppliers for products they would manufacture for Ford and General Motors.  The tier 1 suppliers were APTIV and SEWS and the sales to these suppliers would not have occurred without the additional engineering services provided by SAI.

12.  As consideration for these additional services Defendant agreed to pay SAI additional commissions of 2% for sales associated with the production of products used by GM (Spec. GMW15626) and 1.5 % for sales associated with the production of products used by Ford (Spec. ES-AUST-1A348-AA). The arrangements were memorialized in documents identified as SPLIT COMMISSION AUTHORIZATION FORMS.  See Exhibits B and C attached hereto.  From August 1, of 2014 to the present SAI solicited sales of approximately $38 million of Defendant's wire to SEWS and APTIV for these projects.  During that time Defendant failed to pay SAI any commissions for the additional services.

13. By letter dated January 21, 2022, Defendant terminated its Sales Representative Agreement with SAI, effective March 1st, 2022.  See Exhibit D attached hereto.

14. Pursuant to section 6(h) of the Sales Representative Agreement, SAI was entitled to the payment of commissions for orders received by Defendant as a result of sales solicited by SAI before the termination date.

15. For orders received after the termination date, commissions were owed to SAI under section 6(h) of the Sales Representative Agreement so long as those orders were received within 17 weeks of the termination date. Defendant has failed to pay commissions for orders received after the termination date unless they also received payment from the customer within the 17-week period.

16. Commissions are also owed under the Sales Representative Agreement for sales made by SAI to the customers listed below:

    a. Anixter—Defendant failed to pay SAI approximately $85, 430 of commissions earned for sales solicited by SAI to Anixter.

    b. Arnecom---Defendant failed to pay all the commission earned by SAI for sales solicited with Arnecom. Defendant under paid SAI $14,590.

    c. Yazaki---Defendant failed to pay approximately $7445 in additional commissions owed for sales solicited by SAI with Yazaki.

    d. Visteon Systems----Defendant failed to pay approximately $14,825.23 in additional commissions for sales solicited by SAI with Visteon.

    e. Ethernet Project with APTIV---Commissions are owed for all blanket orders promised by APTIV for the purchase of Defendant's wire through 2026 under this project. Defendant agreed to pay SAI a 4% commission on these sales. Defendant has indicated it will not pay any commissions owed SAI under this project. SAI is

4

   owed approximately $1.44 million for commissions earned on current and future orders placed under this project.

17. On March 3rd and again on April 5th SAI sent letters by certified mail and email to Martin Daniels, Executive Vice President and Atsushi Shinchi, President of Judd Wire, Inc. setting forth a list of orders placed by customers as a result of sales solicited SAI and for which SAI had not been fully compensated pursuant to the terms of the Sales Representative Agreement. Defendant has refused to pay the commissions owed for the sales listed in that correspondence.

## COUNT ONE: BREACH OF CONTRACT

18. Defendant's failure to pay the commissions owed to SAI, as outlined above in paragraphs 8 through 17 of the complaint and incorporated herein, was a breach of the Sales Representatives Agreement and the written modifications thereto when applicable. Each new order received from a sale consummated as a result of the solicitation of the order by SAI created a separate duty to pay by Defendant and Defendant's failure to pay commissions owed with each order represented a separate and distinct breach of the agreement.

19. The Sales Representative Agreement (Section 6(c)) provided that SAI would be the sole representative for Defendant's products in the Ohio and Michigan Region. Defendant sold products to NSI, a customer in SAI's region but used another sales representative for those sales. This was a breach of the Agreement.

## COUNT TWO: VIOLATIONS OF OHIO REVISED CODE SECTION 1335.11

20. Defendant has violated ORC 1335.11 by failing to pay all commissions due to SAI for orders received from customers before and after the termination of the Sales Representative Agreement who were solicited SAI, as set forth above in paragraphs 8 through 19 of this complaint. Defendant's failure to pay constituted willful and wanton misconduct. Therefore, SAI is entitled to exemplary damages equal to three times the amount of the commissions owed, plus reasonable attorney fees and court costs.

## DAMAGES

21. Based upon Defendants breach of the Sales Representative Agreement, its subsequent written modifications and Defendant's violation of Ohio Revised Code Section 1335.11, SAI is entitled to the following damages under Count One of the Complaint:

    a. 17-week post termination period-$300,000,

    b. Engineering Services requested for sales to APTIV and SEWS --$1.4 million,

    c. Anixter--$85,430,

    d. Arnecom--$14,590

    e. Yazaki--$7455

    f. Visteon Systems--$14,825.23

    g. Ethernet Project with APTIV--$1.44 million

    h. NSI sales--$20,000

22. Under Count Two of the complaint SAI is entitled to Exemplary damages pursuant to ORC 1335.11 equal to three times the amount of Commissions owed (as set forth in Paragraph 21 above), and SAI's reasonable attorney fees.

**WHEREFORE**, SAI respectfully demands judgment in its favor and against Defendant and the award of all damages set forth above or in such amount as is determined at trial, but not less than $75,000, and any other relief that the court deems just and appropriate.

Respectfully submitted,

*/s/ Charles D. Smith*

Charles D. Smith (0022040)
Ryan E. Bonina (0079552)
Charles D. Smith & Associates, LLC
1650 Lake Shore Drive
Suite 225
Columbus, OH 43204
(614) 221-3326
Fax: (614) 221-3336
csmith@charlesdsmithlaw.com
rbonina@charlesdsmithlaw.com

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby requests a trial by jury of at least 8 persons.

*Charles D. Smith*

Charles D. Smith (0022040)

**CERTIFICATE OF SERVICE**

A copy of the foregoing Complaint was served upon Counsel for Defendant, Kevin Carter, Frost Brown Todd, Great American Tower, 301 East Fourth Street, Cincinnati, OH 45202, via regular U.S. Mail this 3rd day of August 2022.

*Charles D. Smith*

Charles D. Smith (0022040)